106 F.3d 424
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Herbert J. NEFF, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 97-5019.
 United States Court of Appeals, Federal Circuit.
 Dec. 20, 1996.
 
 Before LOURIE, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 ON MOTION
 ORDER
 CLEVENGER, Circuit Judge.
 
 
 1
 The United States moves for summary affirmance of the Court of Federal Claims' July 23, 1996 order dismissing Herbert J. Neff's complaint as barred by the doctrine of res judicata. The court accepts Neff's untimely opposition.
 
 
 2
 On December 26, 1995, Neff filed in the Court of Federal Claims a complaint concerning the failure of the Department of Justice to revise his educational records subsequent to his participation in a witness relocation program. The Court of Federal Claims dismissed Neff's complaint, stating:
 
 
 3
 Plaintiff's current claim is identical both in fact and legal theory to a previous filing before this court in 1994. The complaint was dismissed by Judge Merow as barred by the six-year statute of limitations. 28 U.S.C. § 2501. Judge Merow dismissed the 1994 complaint finding that "Any cause of action, if any, within the jurisdiction of this court, stemming from Mr. Neff's loss of income from unemployment after 1970, based upon the lack of a Harvard University record in his new identity, thus first accrued no later than 1976." Order of May 5, 1996 (Judge Merow). On appeal to the United States Court of Appeals for the Federal Circuit, the dismissal was affirmed in an unpublished opinion.
 
 
 4
 Plaintiff seeks to distinguish this suit from his 1994 filings based on a mistaken belief that res judicata should not bar his case because his 1994 claim was not tried on the merits. Dismissal of a claim when barred by the statute of limitations "results in a judgment on the merits." [citation omitted] "Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." [citations omitted] Although plaintiff now adds the affirmative defense of equitable tolling to his filings, supplemental legal theories in a subsequent filing will not prevent the application of res judicata to a previously resolved claim. Res judicata prevents litigation of all grounds for, or defenses to, recovery that were available to the parties, regardless of whether the issues were asserted or determined in the prior proceeding. [citation omitted] Res judicata applies here because the dismissal of plaintiff's 1994 filing was a decision on the merits, and acts as a bar to relitigation of those issues in subsequent proceedings. [citation omitted]
 
 
 5
 Plaintiff's current attempt to bring before this court a claim identical in fact and legal theory to one dismissed in 1994 is therefore barred by the doctrine of res judicata. The court hereby GRANTS defendant's motion to dismiss.
 
 
 6
 Neff appealed to this court.
 
 
 7
 Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In the present case, it is clear that summary disposition is warranted. The Court of Federal Claims dismissed Neff's 1994 complaint as time-barred, and this court affirmed the dismissal order. Neff thus received a final judgment on the merits of his case. A final judgment on the merits of an action bars a party from relitigating an issue that was or could have been raised in the action. See Allen v. McCurry, 449 U.S. 90, 94 (1980) (final judgment on merits of action bars party from relitigating an issue that was or could have been raised in the action). Because Neff's second complaint concerns the same cause of action as that set forth in his 1994 complaint, we conclude that the Court of Federal Claims was clearly correct and that its dismissal order should be summarily affirmed.
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 (1) The United States' motion for summary affirmance is granted.
 
 
 10
 (2) Each side shall bear its own costs.